UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal no. 2:13-cr-137-NT |
| ) | |
| KENNETH SALES, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER**

Kenneth Sales moves this Court to reconsider a January 9, 2014 order denying his motion to dismiss the indictment. (ECF No. 73). The one-count indictment, returned on July 23, 2013, charges Sales under 18 U.S.C. § 922(g)(9) with possession of a firearm by an individual convicted of a misdemeanor crime of domestic violence. The Defendant asserts that his prior conviction under a Vermont simple assault statute does not qualify as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). This Court previously held, under *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011), that Sales's conviction for recklessly inflicting bodily injury on his girlfriend was a misdemeanor crime of domestic violence. Order on Def.s' Mot. to Dismiss Indictment. (ECF No. 56).

Sales requests that the Court reconsider its decision in light of three recent cases: the Supreme Court's opinion in *United States v. Castleman*, 134 S. Ct. 1405 (2014), the Supreme Court's remand order in *Armstrong v. United States*, 134 S.Ct. 1759 (2014), and the First Circuit's opinion in *United States v. Carter*, 752 F. 3d 8

1

(1st Cir. 2014). The Defendant contends that, in light of these decisions, the Court should dismiss the indictment against him.

BACKGROUND

I. The Underlying State Conviction

On December 16, 2010, at a change of plea hearing, Kenneth Sales pled guilty to one count of "ASSAULT–SIMPLE—MUTUAL AFFRAY" under 13 Vt. Stat. Ann. tit. 13, § 1023. Exh. 1 to Def's Mot. to Dismiss 5 (ECF No. 28-1). Count one stated: "Kenneth Sales, in this Territorial Unit, in the County of Bennington, at Arlington, on or about October 17, 2010 . . . engaged in a fight or scuffle entered into by mutual consent." Exh. 2 to Gov't's Opp'n to Def.'s Mot. to Dismiss (ECF No. 31-2).

Vermont's simple assault statute states:

(a) A person is guilty of simple assault if he or she:
   (1) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
   (2) negligently causes bodily injury to another with a deadly weapon; or
   (3) attempts by physical menace to put another in fear of imminent serious bodily injury.
(b) A person who is convicted of simple assault shall be imprisoned for not more than one year or fined not more than $1,000.00, or both, unless the offense is committed in a fight or scuffle entered into by mutual consent, in which case a person convicted of simple assault shall be imprisoned not more than 60 days or fined not more than $500.00 or both.

Vt. Stat. Ann. tit.13, § 1023.

As part of his December 16, 2010 plea colloquy, the Vermont Superior Court judge explained:

Mr. Sales, you now have an amended charge, that on or about October 17th, you recklessly caused bodily injury to a person, and that it was in

2

> a fight or scuffle entered into by mutual consent. Penalty of up to 60 days in jail or a $500 fine. The basis for this as I understand it is that you would be admitting that there was a physical altercation between you and Ms. Goddard . . . and that in the course of it you at least recklessly . . . caused bodily injury to her, being . . . a scratch or a sort of cut that she received. Bodily injury is any sort of injury, it doesn't have to be a broken bone or anything like that, it can be a bruise, a cut, kind of anything that hurts. . . . [R]ecklessly means you did not have to intend a particular result, but you engaged in conduct that was not what a reasonable person would do in these circumstances, and had a very high risk that the result would happen. So obviously engaging in a fight or scuffle would qualify as that. . . . [F]ight or scuffle is pretty much what you'd think it would mean. . . . [M]utual consent just means that the two of you sort of engaged in the fight or scuffle, rather than one person . . . solely.

Sales then acknowledged that he understood the amended charge and pleaded guilty to it. Exh. 4 to Gov't's Opp'n to Def.'s Mot. to Dismiss 1 (ECF No. 31-4).

Based on the foregoing, this Court previously concluded that the Defendant "admitted to engaging in a physical altercation in which he recklessly caused his girlfriend bodily injury" and "was convicted of simple assault of the § 1023(a)(1) variety." *United States v. Sales*, 2:13-CR-137-NT, 2014 WL 103813, *4 (D. Me. Jan. 9, 2014).

## II. The Pending Federal Charge

Sales was charged with a violation of 18 U.S.C. § 922(g)(9), sometimes referred to as the Lautenberg Amendment to the Gun Control Act of 1968. The indictment alleges that, on about May 6, 2013, Sales knowingly possessed a .45 caliber pistol after having been convicted of a misdemeanor crime of domestic violence, specifically his December 16, 2010 conviction from Vermont. Section 922(g)(9) prohibits a person "who has been convicted in any court of a misdemeanor crime of domestic violence"

3

from "possess[ing] in or affecting commerce, any firearm or ammunition . . . ."18 U.S.C. § 922(g)(9). Section 921 defines "misdemeanor crime of domestic violence" as an offense that:

> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim[.]

18 U.S.C. § 921(a)(33)(A).

On January 27, 2014, the Defendant tendered a conditional plea of guilty to the indictment, reserving the right to have an appellate court review this Court's decision denying his motion to dismiss the indictment.

## DISCUSSION

The question at hand is whether a conviction for recklessly causing bodily injury to another under Vermont's assault statute is a misdemeanor crime of domestic violence under § 922(g)(9). Specifically at issue is whether the reckless variant of Vt. Stat. Ann. tit.13, § 1023(a) has "as an element, the use . . . of physical force." 18 U.S.C. § 921(a)(33)(A).

**The Cases**

The contours of what constitutes a misdemeanor crime of domestic violence have been shaped by a number of First Circuit cases that have dealt with the Maine

assault statute.[1] In *United States v. Nason,* 269 F.3d 10 (1st Cir. 2001), the First Circuit held that the "offensive physical contact" variant of Maine's assault statute satisfies the use of force requirement under § 921(a)(33)(A) and thus can qualify as a misdemeanor crime of domestic violence. *Id.* at 21. In *United States v. Booker,* 644 F.3d 12 (1st Cir. 2011), the First Circuit held that "an offense with a mens rea of recklessness may qualify as a 'misdemeanor crime of domestic violence' under 922(g)(9)." *Id.* at 21. In *United States v. Armstrong*, 706 F.3d 1 (1st Cir. 2013), *cert. granted, judgment vacated,* 134 S. Ct. 1759 (2014), the defendant was convicted of "intentionally, knowingly or recklessly caus[ing] bodily injury or offensive physical contact" to his wife. *Armstrong*, 706 F.3d at 3. The First Circuit, relying on *Nason* and *Booker,* affirmed Armstrong's § 922(g)(9) conviction. *United States v. Armstrong,* 706 F.3d 1 (1st Cir. 2013),

On March 26, 2014, the Supreme Court issued *United States v. Castleman*, 134 S.Ct. 1405 (2014), in which it held that "the requirement of 'physical force' is satisfied,

---

[1] Maine's simple assault statute provides: "A person is guilty of assault if . . . the person intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another person." Me. Rev. Stat. tit. 17-A, § 207(1)(A).

Generally, to determine whether a state offense qualifies as a predicate offense, courts use a categorical approach, which necessitates "an assessment of 'the elements of the statute of conviction'" rather than the actual facts of the defendant's conduct. *United States v. Fish*, No. 12-1791, 2014 WL 715785 * 3 (1st Cir. Feb. 26, 2014) (quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990)). Because, however, the Maine assault statute "'sets out one or more elements of the offense in the alternative,'" it is considered a divisible statute, which allows a different analysis known as the "modified" categorical approach. *United States v. Carter*, 752 F.3d at 17 (quoting *Descamps v. United States*, 133 S.Ct. 2276, 2281-82 (2013)). Under the modified categorical approach, a court is "permitted to 'consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.'" *Fish*, 2014 WL 715785 *3 (quoting *Descamps*, 133 S.Ct. at 2281-82; citing *Shepard v. United States*, 544 U.S. 13, 17, 26 (2005)). Reference to the so-called *Shepard* documents allows the court to consider "the narrower subset of elements that actually gave rise to the convictions." *Fish*, 2014 WL 715785 *3.

for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction," that is, "even the slightest offensive touching." *Id.* at 1413 and 1410. Because Castleman was charged with intentionally or knowingly causing bodily injury to the victim, *see Castleman,* 134 S. Ct. at 1408, the Supreme Court did not need to address whether a recklessly-caused bodily injury would suffice to meet the definition of a misdemeanor crime of domestic violence. On that point, the *Castleman* court observed that "the merely reckless causation of bodily injury . . . may not be a 'use' of force." *Id.* at 1414. The Court noted that *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004),[2] held that "use" requires active employment "rather than negligent or merely accidental conduct." *Castleman*, 134 S. Ct. at 1414 n. 8. The Supreme Court also pointed out that *Booker* is out of step with other circuit courts that have held that recklessness is not sufficient to constitute a "use" of force. *Id.*[3]

---

[2] In *Leocal,* the Supreme Court held that a driving under the influence of alcohol conviction does not constitute an "aggravated felony" under the Immigration and Nationality Act (INA). 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines the term "aggravated felony" to include a "crime of violence" as defined under 18 U.S.C. § 16, which, in turn, refers to "an offense that has as an element the use, attempted use, or threatened use of physical force . . . ." 18 U.S.C. § 16. The Supreme Court concluded that the term "'use . . . of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal,* 543 U.S. at 11. The *Leocal* Court took pains to point out that the "case does not present us with the question whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16." *Id.* at 13 (emphasis in original).

[3] Of the cases cited by the Supreme Court, none involved the application of § 922(g)(9). Most addressed whether prior felonies, committed recklessly, could constitute crimes of violence sufficient either to trigger a sixteen point enhancement under the sentencing guidelines for people charged with immigration offenses or to serve as "aggravated felonies" for the purposes of deportation. *See United States v. Palomino Garcia*, 606 F.3d 1317, 1335–1336 (11th Cir. 2010) (felony aggravated assault committed recklessly lacked use of force as required for sentencing guidelines); *Jimenez–Gonzalez v. Mukasey*, 548 F.3d 557, 560 (7th Cir. 2008) (felony criminal recklessness not an aggravated felony warranting removal); *United States v. Zuniga–Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008) (felony reckless assault of a public servant not a crime of violence for sentencing guidelines); *United States v. Torres–Villalobos*, 487 F.3d 607, 615–616 (8th Cir. 2007) (second-degree manslaughter conviction not an aggravated felony for sentencing purposes); *United States v. Portela*, 469 F.3d 496, 499 (6th Cir. 2006) (felony reckless vehicular assault not a felony crime of violence for sentencing guidelines); *Garcia*

Five days after it decided *Castleman,* the Supreme Court vacated the First Circuit's judgment in *Armstrong*, "for further consideration in light of *United States v. Castleman* . . . ." *Armstrong v. United States,* 134 S. Ct. 1759 (2014). *Castleman* supports *Armstrong's* holding that offensive touching is sufficient to satisfy the definition of "use of physical force." Therefore, the Supreme Court's remand of *Armstrong* "in light of *Castleman*" is fairly construed as a directive to the First Circuit to reconsider whether an assault committed recklessly is sufficient to meet the federal definition of a misdemeanor crime of domestic violence.

On April 30, 2014, before the First Circuit had reconsidered *Armstrong,* it issued an opinion remanding *United States v. Carter*, 752 F. 3d 8 (1st Cir. 2014) to the district court.[4] *Carter* also involved an undifferentiated Maine assault conviction. In *Carter*, the First Circuit acknowledged that "*Castleman* casts doubt" on *Booker's* holding that a misdemeanor crime of domestic violence encompasses assault committed recklessly. *Carter,* 752 F.3d at 18. Rather than expressly overrule *Booker,*

---

*v. Gonzales*, 455 F.3d 465, 468–469 (4th Cir. 2006) (reckless assault in the second-degree not an aggravated felony warranting removal); *Oyebanji v. Gonzales*, 418 F.3d 260, 263–265 (3d Cir. 2005) (ALITO, J.) (conviction for reckless vehicular homicide not an aggravated felony warranting removal); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003) (second-degree manslaughter not an aggravated felony warranting removal); *United States v. Chapa–Garza*, 243 F.3d 921, 926 (5th Cir. 2001) (conviction for driving while intoxicated not an aggravated felony warranting removal); *cf. Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1127–1132 (C.A.9 2006) (en banc) (reckless misdemeanor domestic violence conviction not a crime of violence warranting removal).

[4] By the time *Castleman* was decided, *Carter* had already been fully briefed. The Defendant submitted a citation of supplemental authorities pursuant to Federal Rule of Appellate Procedure 28(j) calling the First Circuit's attention to *Castleman. United States v. Carter,* CA No. 12-1499, (Document: 00116666144) Letter from J. Hilary Billings, Ass't. Federal Public Defender to Margaret Carter, Clerk, U.S. Court of Appeals for the First Circuit (Mar. 26, 2014). The Government responded with its own letter also calling the First Circuit's attention to the remand of *Armstrong. United States v. Carter,* CA No. 12-1499, (Document: 00116669158) Letter from Renee M. Bunker, Ass't. U.S. Attorney to Margaret Cater, Clerk, U.S. Court of Appeals for the First Circuit (Apr. 2, 2014).

7

the First Circuit remanded *Carter* to determine which mens rea prong of the Maine assault statute served as the basis for Carter's conviction.

The order remanding the case directed the district court to conduct "further proceedings consistent with this opinion and in light of the Supreme Court's opinion in *Castleman* and its vacation of our judgment in *Armstrong*." *Carter,* 752 F.3d at 21 (citations omitted). Upon remand, Judge Singal concluded that the "guidance of the Supreme Court and the First Circuit in *Castleman*, *Armstrong* and *Carter*" was clear enough for him to conclude that a § 922(g)(9) "conviction may only stand if it was premised on more than accidental, negligent or reckless conduct." *United States v. Carter,* No. 2:10-CR-00155-GZS, slip op. at 9 (D. Me. July 8, 2014).

In *United States v. Hines*, 1:12-CR-204-JAW, 2014 WL 1875164 (D. Me. May 9, 2014), Judge Woodcock addressed a post-*Castleman* challenge to the use of a Maine assault conviction as a predicate offense under § 922(g)(9), and he also concluded: "based on *Castleman*, *Armstrong* and *Carter*, . . . it is so questionable whether a conviction for domestic assault under 17-A M.R.S. § 207-A(1)(A) – without more – may operate as a predicate conviction under § 922(g)(9), that this Court must grant Mr. Hines a new trial." *Hines,* 2014 WL 1875164 * 9.

### 2. Analysis of the Instant Case

The Vermont simple assault statute applicable here proscribes "purposely, knowingly or recklessly caus[ing] bodily injury . . . ." 13 V.S.A. § 1023(a)(1). It is clear from the *Shepard*-approved documents in this case that the Defendant was convicted under the "reckless" prong of this statute. The Government does not argue otherwise.

The Government contends that the First Circuit has not overturned *Booker* and that this Court cannot reach a conclusion contrary to *Booker's* holding that reckless conduct is a "use of force" for purposes of § 922(g)(9). As the Government points out, "[u]ntil a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has been cast into disrepute by supervening authority." *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004). But as both Judges Woodcock and Singal have determined, the lower courts "cannot ignore the guidance of the Supreme Court and the First Circuit in *Castleman*, *Armstrong* and *Carter*." *United States v. Carter,* No. 2:10-CR-00155 (D. Me., July 8, 2014) (ECF No. 98). While "[r]eading Supreme Court tea leaves is chancy," *Hines,* 1:12-CR-00204-JAW, 2014 WL 1857164 at *8, it is hard to miss the message here. Upon closer scrutiny, the First Circuit may decide that recklessness is sufficient in the § 922(g)(9) context,[5] but given the writing on the wall in *Carter*, it would be presumptuous for this Court to make that determination.

---

[5] The cases cited by the Supreme Court in footnote eight of *Castleman* all arise out of the immigration context and can thus be distinguished. By the logic of *Castleman* and its use of the legislative history, it is possible that *Booker* could survive. *See Castleman*, 134 S. Ct. at 1411 ("because perpetrators of domestic violence are 'routinely prosecuted under generally applicable assault or battery laws,' it makes sense for Congress to have classified as a 'misdemeanor crime of domestic violence' the type of conduct that supports a common-law battery conviction." (quoting *United States v. Hayes,* 555 U.S. 415, 427 (2009)).

9

## CONCLUSION

For the above-stated reasons, the Defendant's Motion for Reconsideration is **GRANTED** and the indictment is **DISMISSED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 11th day of July, 2014.