# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:13-cr-00137-NT |
| | ) | |
| KENNETH SALES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON GOVERNMENT'S MOTION TO STAY
AND GOVERNMENT'S MOTION FOR DETENTION**

On July 23, 2013, the Defendant was charged with possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Indictment of Kenneth Albert Sales, Jr. (ECF No. 14). The indictment relied on the Defendant's conviction under Vermont law for recklessly causing bodily injury to another. *Id.* On July 11, 2014, this Court issued an order dismissing the indictment after determining that a crime with a recklessness mens rea cannot constitute a misdemeanor crime of domestic violence given recent developments in the interpretation of 18 U.S.C. § 922(g).[1] Order on Def.'s Mot. to Reconsider (ECF No. 80). The Court also issued an order of discharge. Order of Discharge (ECF No 81).

The Government immediately filed a notice of appeal of the Court's order dismissing the indictment and a motion to stay the Court's order of discharge during

---

[1] Two other judges in this District had recently reached the same result. *United States v. Carter*, No. 2:10-cr-00155-GZS, 2014 WL 3345045, at *6 (D. Me. July 8, 2014) (J. Singal); *United States v. Hines*, 1:12-cr-00204-JAW, at *9 (D. Me. May 9, 2014) (C.J. Woodcock).

the pendency of the appeal, citing 18 U.S.C. § 3143(c) in support. Gov't's Notice of Appeal (ECF No. 82); Gov't's Mot. to Stay Order of Discharge (ECF No. 83). The Court provisionally stayed the order of discharge pending its full consideration of the issues raised by the Government's motion and scheduled a detention hearing for July 15, 2014. Order Provisionally Granting Gov't's Mot. to Stay (ECF No. 85).

Shortly before the detention hearing, the Defendant filed a response to the Government's motion to stay, asserting that the Government did not have the right to appeal the Court's dismissal of the indictment and a detention hearing was therefore unnecessary. Def's Opp'n to Gov't's Mot. to Stay (ECF No. 87). Counsel for the Government did not have an opportunity to read the Defendant's filing before the hearing. The Court held the hearing as scheduled and the Government made an oral motion for detention. Gov't's Oral Mot. for Detention (ECF No. 91). The Government filed further briefing on July 17, 2014, disputing the Defendant's contention that the Government is not entitled to an appeal and again arguing for the Defendant's continued detention. Gov't's Reply to Def's Opp'n (ECF No. 93).

## DISCUSSION

### I. Statutory Background

The scope of the Government's right to appeal a district court's dismissal of an indictment is determined by 18 U.S.C. § 3731. It provides, in relevant part, as follows:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment . . . , except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

18 U.S.C. § 3731. Section 3731 also authorizes government appeals from orders suppressing evidence, orders requiring the return of seized property, orders releasing charged or convicted defendants, and orders denying revocations or modifications of previous orders granting release. *Id.*

Another statute, 18 U.S.C. § 3143(c), addresses what to do with defendants while such appeals are pending. It requires that the district court "treat a defendant in a case in which an appeal has been taken by the United States under section 3731 . . . in accordance with section 3142,"[2] the statute setting out the standards and procedures for determining whether an accused should be detained pending trial. *See* 18 U.S.C. § 3142.

Three provisions of Section 3142 are implicated here. The first, Section 3142(a), lists the dispositions available to a judge making a detention determination. 18 U.S.C. § 1342(a). It provides as follows:

> **(a)** . . . Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
>
> **(1)** released on personal recognizance or upon execution of an unsecured appearance bond . . . ;
>
> **(2)** released on a condition or combination of conditions . . . ;
>
> **(3)** temporarily detained to permit revocation of conditional release, deportation, or exclusion . . . ; or
>
> **(4)** detained . . . .

---

[2]  Under an exception not implicated here, the court is not required to follow Section 3142 pending a Section 3731 appeal if "the defendant is otherwise subject to a release or detention order." 18 U.S.C. § 3143(c).

3

*Id.*

The second, Section 3142(e), requires a district court to release a defendant unless there is "no condition or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

Finally, the third, Section 3142(g), lays out the factors the district court must consider in making the risk of flight and dangerousness determination compelled by Section 3142(e). In relevant part, Section 3142(g) provides as follows:

> **(g)** . . . The judicial officer shall . . . take into account the available information concerning—
>
> **(1)** the nature and circumstances of the offense charged . . . ;
>
> **(2)** the weight of the evidence against the person . . . ;
>
> **(3)** the history and characteristics of the person . . . ; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

### II. Whether the Government Has a Right to Appeal

The Court first addresses the Defendant's argument that Section 3143(c) is not implicated at all because the Government has no right of appeal.

On its face, Section 3731 appears to grant the Government an unambiguous right to appeal any dismissal of an indictment, so long as the double jeopardy clause does not prohibit further prosecution. 18 U.S.C. § 3731. The Defendant concedes jeopardy has not yet attached here, but points out that the First Circuit held in *United*

*States v. Findley*, 439 F.2d 970, 972 (1st Cir. 1971) that Section 3731 does not permit the Government to appeal the dismissal of an indictment based on the presentation of evidentiary facts outside the indictment which would constitute a defense on the merits if the case went to trial. Def.'s Opp'n to Gov't's Mot. to Stay 4. The Government contends that *Findley* is no longer good law, as 18 U.S.C. § 3731 was amended to remove an ambiguity in the text on which *Findley* relied. Gov't's Reply to Def.'s Opp'n 2-3. The Government cites *United States v. Barker Steel Co.,* 985 F.2d 1123, 1125 n. 2 (1st Cir. 1993) and other out-of-circuit cases in support. *Id.*

This issue is thorny and the parties have not fully developed it in the relatively short briefs filed to date. Additionally, neither party has given close consideration to whether jeopardy really has attached given the unique posture of this case, in which the Defendant has already made a conditional plea and been adjudged guilty. *See, e.g., United States v. Santiago Soto,* 825 F.2d 616, 617-20 (1st Cir. 1987) (discussing jeopardy with respect to defendants who have entered guilty pleas). Because it would not change the Court's ultimate disposition, the Court need not reach the issue. For the purposes of this order, the Court assumes that Section 3731 does entitle the Government to appeal the Court's order dismissing the Defendant's indictment.

### III. Whether the Defendant is Entitled to Release

Because the Government is proceeding with its appeal under Section 3731, Section 3143(c) requires the Court to "treat [the] defendant . . . in accordance with section 3142" during the appeal's pendency. 18 U.S.C. § 3143(c). The problem for the Government is that Section 3142(a) only authorizes the detention "of a person

5

charged with an offense." 18 U.S.C. 3142(a). As of July 11, 2014, the Defendant no longer fits that description.[3] *Id.*

This District dealt with a similar issue in *United States v. Szpyt*, No. 2:11-cr-00228-GZS, 2013 WL 4039412 (D. Me. Aug. 7, 2013) (Mag. J. Rich). There, the defendant sought release from detention after the court dismissed the first count ("**Count One**") of a multi-count indictment. The dispute between the parties involved a provision in Section 3142(e) entitling the government to a rebuttable presumption that there is "no condition or combination of conditions" that will "reasonably assure the appearance of the person . . . and the safety of . . . the community" if the Court determines there is "probable cause to believe" the defendant committed a charged offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." 10 M.R.S. § 3142(e)(1), (3)(A); *Szypt*, 2014 WL 4039412, at *4.

The Government conceded that Count One was the only charge for which Section 3142(e) provided the possibility of the rebuttable presumption. *Szpyt*, 2013 WL 4039412, at *4. 18 U.S.C. § 3142(e); *Szpyt*, 2013 WL 4039412, at *4. Without

---

[3] The Government argues that if dismissal of the Defendant's indictment "automatically resulted in release, then § 3143(c) would amount to mere surplusage." Gov't's Reply to Def.'s Opp'n 4. However, in many situations where the United States pursues an appeal authorized by Section 3731, the defendant is still "charged with an offense," and it is perfectly logical to proceed to a Section 3142(g) analysis to determine whether detention is appropriate. For instance, if a district court issues an order dismissing some but not all of the counts in a multi-count indictment or if a district court issues an order suppressing evidence against the Defendant pursuant to the exclusionary rule, there is still a charge pending against the defendant. *See, e.g., United States v. Trullo*, CR No. 85-303-S, 1986 WL 3500, at *2-4 (D. Mass. Feb. 27, 1986) (detaining defendant under Section 3143(c) and Section 3142 pending appeal of motion to suppress).

Count One factored into the analysis, the Government could not satisfy its burden of establishing that detention was warranted. *Szpyt*, 2013 WL 4039412, at *4.

The main issue before the *Szpyt* court was whether Count One could be factored into the Section 3142 detention analysis even though it had been dismissed for constitutional reasons by an earlier court order. The Government argued that the dismissal was not final because an appeal was pending. But Judge Rich concluded that although the *appeal* was "pending" (with respect to whether the First Circuit had jurisdiction to hear it), the dismissed charge was not (with respect to whether it provided a legal basis for continuing to restrict the defendant's liberty). After analyzing the few cases existing on point, Judge Rich concluded that "a dismissed charge should not be taken into account, even if the government has appealed its dismissal." *Id.* at *7-8; *see United States v. Shavanaux*, No. 2:10 CR 234 TC, 2010 WL 4608317, at *1-2 (D. Utah Nov. 5, 2010) (dismissal of indictment by trial court on determination that charged predicate offense was invalid constituted "a judicial determination . . . that there is currently no offense charged" and precluded detention during pendency of appeal); *Frage v. Eddington*, 26 M.J. 927, 928 (N.M.C.M.R. 1988) (dismissal of charge on trial court's determination that statute of limitations barred prosecution precluded detention during pendency of appeal because there was no longer any "basis . . . for continued confinement").

Since the *Szpyt* case, a federal district court in California has issued a decision, *United States v. Hudson,* No. 2:13-cr-00126-ODW-3, 2014 WL 960860 (C.D. Cal. Mar. 12, 2014), which addresses almost the precise issue before the Court now. Just as in

7

this case, the Government immediately appealed an order by the district court dismissing the defendant's entire indictment and moved for detention under Section 3143(c) and Section 3142 while the appeal was pending. *Hudson*, 2014 WL 960860, at *17.

Relying on the Fourth Amendment,[4] the Fifth Amendment,[5] and a close interpretation of Section 3143(c) and Section 3142, the court concluded that "[s]ince there is no longer an operative indictment, there is no possible way for the Court to further restrain [the defendant's] liberty." *Id.* The portion of the *Hudson* decision construing Section 3143(c) and Section 3142 bears quoting at length:

> While the Government has presented an extensive discussion of § 3142, that section—by its very terms—only applies to "a person charged with an offense." § 3142(a). When the Court dismissed the indictment, Dunlap was no longer "charged with an offense."
>
> Neither does the Court find that § 3143(c) compels a different result. . . . A literal reading of § 3143 might seem to indicate that the Court must navigate the § 3142 morass to determine whether to release Dunlap. Section 3143 states that the "judicial officer *shall* treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title." § 3143(c) (emphasis added). The Government has in fact appealed—or at least will likely appeal—the Court's Order Dismissing the Indictment as authorized under § 3731. . . .
>
> But as noted above, there is no possible way that the Court could apply § 3142 to Dunlap at this time, because there is no valid indictment against him. *See* § 3142(a) (requiring that the person be charged with a crime). The Government asks the Court to issue a bench warrant to re-arrest Dunlap. But on what charge? It would run completely afoul of the Constitution for the Court to simply order that a person sit in jail

---

[4] "The right of the people to be secure in their persons . . . against unreasonable . . . seizures . . . shall not be violated . . . ." U.S. Const. amend. IV.

[5] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . nor be deprived of . . . liberty . . . without due process of law . . . ." U.S. Const. amend. V.

8

> because at some unknown point in the future an appellate court might reverse the court order that dropped the charges against him.

*Id.* (spacing and indentation modified).

This Court agrees with both the Central District of California and Judge Rich. Properly interpreted, Section 3142 does not allow the Government to detain an individual who is not "charged with an offense."[6] 18 U.S.C. § 3142.

But even if the text of Section 3142(a) and the Constitution permit a different conclusion, analysis under Section 3142(g) would not warrant detaining the Defendant.

The Government has made an extremely strong showing favoring detention under two of Section 3142(g)'s four provisions: Section 3142(g)(3), which requires the Court to consider the Defendant's "history and characteristics," and Section 3142(g)(4), which requires the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(3)-(4). The Defendant has a lengthy criminal history and has acted with disturbing violence on many occasions, some of them recent. There appear to be pending murder charges against the Defendant in Massachusetts, the details of which are troubling.[7] Were the Court permitted to consider only the factors laid out in Section 3142(g)(3) and Section(g)(4) factors, this would be a very easy case.

---

[6]     *Contra United States v. Ailemen*, 165 F.R.D. 571, 597 n.33 (N.D. Cal. 1996) (federal magistrate judge's decision recommending that defendant be released on due process grounds but noting in dicta that "[t]he Bail Reform Act permits a defendant to be detained pending an appeal by the government of the dismissal of an indictment").

[7]     At the July 15, 2014 detention hearing, counsel for the Government represented that a Massachusetts grand jury recently indicted the Defendant for first degree murder, but that the State anticipates it will drop the charges because its key witness, the Defendant's former girlfriend, recently

But to complete even a valid 3142(g) anlaysis, the Court must also weigh the nature and circumstances of the offense charged, 18 U.S.C. § 3142(g)(1), and the weight of the evidence supporting the charge, 18 U.S.C. § 3142(g)(2). With respect to Section 3142(g)(1), the Defendant is no longer charged with an offense. Order on Def.'s Mot. to Reconsider. With respect to Section 3142(g)(2), the Court has already concluded that the evidence against the Defendant is insufficient to support a conviction. *Id.* Given these unusual circumstances, the Court must conclude that the Government has failed to meet its burden even if a Section 3142(g) analysis is required.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Government's Motion to Stay the Order of Discharge (ECF No. 83) and the Government's Motion for Detention (ECF No. 91).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 24th day of July, 2014.

---

committed suicide. The transcripts of the witness's grand jury testimony and two of her interviews with the police were admitted into the detention hearing record. Gov't's Exs.